**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALANA S.,

               Plaintiff,

        v.

FRANK BISIGNANO,
Commissioner of Social Security
Administration,

               Defendant.

Case No. 2:24-cv-09204-SP

**MEMORANDUM OPINION AND ORDER**

**I.**

**INTRODUCTION**

On October 25, 2024, plaintiff Alana S. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of an application for a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the administrative law judge ("ALJ") properly evaluated the medical opinion of a state agency medical

1

consultant when determining plaintiff's residual functional capacity ("RFC").  Plaintiff's Opening Brief ("P. Mem.") at 4-8; *see* Defendant's Brief ("D. Mem.") at 2-5.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered the medical opinion of the state agency medical consultant. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff was 33 years old on her alleged disability onset date, November 6, 2017. AR at 87.  Plaintiff is a college graduate and has past relevant work as a marketing analyst and a sales manager.  AR at 49, 65, 68-69.

On March 24, 2020, plaintiff filed an application for a period of disability and DIB due to early-stage lupus, fibromyalgia, anxiety, Lyme's disease, chronic fatigue, brain fog, and insomnia.  AR at 87-88.  The Commissioner denied plaintiff's application initially and upon reconsideration, after which plaintiff filed a request for a hearing.  AR at 87-100, 102-114, 128-29.

On August 25, 2023, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ.  AR at 38-86.  The ALJ also heard testimony from Glee Ann Kehr, a vocational expert.  *See id.*  On December 5, 2023, the ALJ denied plaintiff's claim for benefits.  AR at 17-31.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had engaged in substantial gainful activity from February 7, 2022 to present.  AR at 20.  But the ALJ also found plaintiff had not engaged in substantial gainful activity during the period from November 6, 2017 to February 6, 2022.  AR at 21.

At step two, the ALJ found plaintiff suffered from the severe impairments of: degenerative disc disease of the lumbar spine; degenerative joint disease of the left shoulder; and the residual effects of a Lyme disease infection in March 2018.  *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1.  AR at 23.

The ALJ then assessed plaintiff RFC and determined plaintiff had the RFC to perform light work with the limitations that plaintiff could: frequently operate hand controls with the left hand; occasionally reach overhead with the left upper extremity; frequently reach in all other directions with the left upper extremity; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; never work in the presence of unprotected heights or hazardous machinery; not be required to operate a motor vehicle as part of job duties; and never work in the presence of concentrated exposure to vibration or extreme heat or cold.  *Id.*

At step four, the ALJ found plaintiff was capable of performing her past relevant work as a marketing analyst and as a sales manager.  AR at 29.  Consequently, the ALJ determined plaintiff did not suffer from a disability as defined by the Social Security Act.  AR at 31.

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied.  AR at 1-6.  The ALJ's decision standards as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff argues the ALJ failed to properly evaluate the medical opinion of state agency medical consultant Dr. Leonard H. Naiman.  P. Mem. at 4-8.  Plaintiff also implicitly argues that the ALJ's failure to incorporate Dr. Naiman's opined neck and upper extremity limitations renders the ALJ's RFC assessment unsupported by substantial evidence.  P. Mem. at 8.

RFC is what one can "still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).  The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments.  20 C.F.R. § 404.1545(a)(1)-(2); *see* Social Security Ruling ("SSR") 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, event those that are not 'severe.'").

The evidence an ALJ relies on in an RFC assessment includes medical evidence and opinions.  20 C.F.R. § 404.1545(a)(3).  An ALJ considers the persuasiveness of the

medical opinions and findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion.  20 C.F.R. § 404.1520c(b)-(c).  The most important of these factors are supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  The ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)).  The ALJ may, but generally is not required to, explain how he or she considered the other three factors.  20 C.F.R. § 404.1520c(b)(2).  But when two or more medical opinions "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is then required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 404.1520(c)(b)(3).

With respect to supportability, the regulations state: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).  Regarding consistency, the regulations state: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2).

On October 23, 2020, Dr. Leonard H. Naiman reviewed plaintiff's claim for a period of disability and DIB at the reconsideration level.  AR at 102-114.  After reviewing plaintiff's medical records, Dr. Naiman assessed plaintiff's RFC, concluding plaintiff: can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday; can frequently lift and/or carry 10 pounds and occasionally lift and/or

carry 20 pounds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; and must avoid concentrated exposure to extreme cold, vibration, and hazards such as operating machinery or heights. AR at 110-112.  Dr. Naiman also opined plaintiff should avoid: sustained pushing or pulling with her left upper extremities; extreme neck flexion or extension; extreme or constant overhead reaching or stretching that would involve extreme extension of the neck; and extreme or constant overhead reaching or stretching her left upper extremities. AR at 112.

In reaching her RFC determination, the ALJ found Dr. Naiman's opinion to be only partly persuasive.  AR at 28-29.  The ALJ explained that while Dr. Naiman's opinion was "generally consistent with the record," it was "not sufficiently supported by a summary of record merely noting neck, back, and shoulder impairments and one exam."  AR at 28.  Plaintiff argues the ALJ's explanation as to the supportability factor is so insufficient as to constitute legal error.  P. Mem. at 8.

Plaintiff first argues Dr. Naiman's opinion was well-supported by the objective medical evidence.  P. Mem. at 6-7.  Plaintiff points to Dr. Naiman's review of plaintiff's medical records from her initial disability determination and various findings from the administrative record, including an MRI showing bilateral facet arthropathy and disc herniation.  *Id.*  But as defendant points out, Dr. Naiman does not actually cite the findings listed by plaintiff as factoring into his opinion.  D. Mem. at 3.  Rather, Dr. Naiman references only an August 11, 2020 medical note from Dr. Dmitry Karayev which documents plaintiff's self-reported neck, back, and shoulder pain.  AR at 107, 112. Dr. Naiman also states that at that same exam, Dr, Karayev described plaintiff as not being visibly in discomfort or pain and that his examination of plaintiff "describe[d] no joint deformity or dysfunction.  AR at 112.  An ALJ "need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Here, the ALJ reasonably determined Dr. Naiman's reliance on a single treatment note documenting

6

pain in plaintiff's neck, back, and shoulder was insufficient to justify his opined limitations for plaintiff's left upper extremity and neck. *See Ronquillo v. Colvin*, 2015 WL 5768348, at *4 (C.D. Cal. Sept. 30, 2015) (upholding an ALJ's determination that "a single progress note" combined with "few, if any" records that document "specific physical limitations for plaintiff" were insufficient to support the physician's opined limitations).

Plaintiff next argues Dr. Naiman's opinion is also supported by plaintiff's own reports of her symptoms, which Dr. Naiman found "partially consistent with the objective findings and treatment records." P. Mem. at 7; *see* AR at 109-10. As noted by defendant, however, the ALJ explicitly found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR at 24. When a physician's opinion is based on plaintiff's subjective complaints that were properly discounted by the ALJ, the ALJ may discount the physician's opinion. *See Nunzio D. C. v. Kijakzi*, 2021 WL 3849704, at *3 (C.D. Cal. Aug. 27, 2021) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)); *see also Tonapetyan*, 242 F.3d at 1149 (an ALJ is "free to disregard" a physician's opinion which is "premised on [plaintiff's rejected] subjective complaints"). Here, plaintiff does not challenge the ALJ's findings regarding her subjective symptom testimony. Thus, the ALJ could have discounted Dr. Naiman's opinion had it been based on plaintiff's subjective complaints.

In fact, however, the ALJ did not refer to reliance by Dr. Naiman on plaintiff's subjective complaints as a reason to discount Dr. Naiman's opinion. And Dr. Naiman himself did not indicate much if any reliance on plaintiff's symptom testimony, which Dr. Naiman found to be only partially consistent with the medical evidence. AR at 109-10. In short, plaintiff's subjective statements appear to have played little role in either Dr. Naiman's opinion or the ALJ's partial discounting of that opinion. For all these reasons, plaintiff's argument that Dr. Naiman's opinion should have been accepted as consistent with plaintiff's subjective testimony is not persuasive.

7

Lastly, plaintiff argues that the ALJ's acceptance of state agency physician Dr. F. Green's medical opinion undermines her rejection of Dr. Naiman's medical opinion. P. Mem. at 7-8. Plaintiff notes that the ALJ found Dr. Green's opinion to be supported by his "summary of the record noting mostly normal objective exam findings and mild degenerative changes on imaging," but simultaneously rejected Dr. Naiman's opinion for not being sufficiently supported by his "summary of [the] record." *Id.* Plaintiff argues this shows the ALJ found Dr. Naiman's opinion to be unsupported simply because she wished to reject it. *Id.* at 8. But even a cursory glance at the two opinions reveals major differences in their summaries of the record. Dr. Green's summary of the record is nearly three pages long and contains detailed summaries of plaintiff's medical records and diagnostic results over at least a six-year period. AR at 92-95. In contrast, Dr. Naiman's summary is less than half of a page and discusses plaintiff's joint paint exactly once. AR at 107. It was not unreasonable for the ALJ to find that Dr. Green's more detailed summary provided greater objective medical support than Dr. Naiman's short summary – even as the ALJ found both opinions to be only partly persuasive. *See* AR at 28.

In sum, the ALJ properly evaluated Dr. Naiman's opinion and rejected his opined limitations related to plaintiff's left upper extremity and neck as insufficiently supported. As a result, the ALJ's RFC determination was supported by substantial evidence.

**V.**

**<u>CONCLUSION</u>**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

Dated: <u>March 30, 2026</u>

SHERI PYM
United States Magistrate Judge

8